**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

-vs-  Case No. 6:06-cr-112-Orl-19KRS

**YAMIL SANTIAGO,**

_____

# ORDER

This case comes before the Court on the following:

1. Motion for Credit for Time Served Pursuant to 18 U.S.C. § 3585(b) by Defendant Yamil Santiago (Doc. No. 56, filed Sept. 7, 2010); and

2. Response to Court's Order Dated September 16, 2010, and Motion to Dismiss Petition for Lack of Subject Matter Jurisdiction by United States of America (Doc. No. 58, filed Oct. 1, 2010).

## Background

On November 1, 2007, Defendant Yamil Santiago pled guilty to four counts of making false statements in the purchase of firearms, in violation of 18 U.S.C. § 924(a)(1)(A). (Doc. No. 36.) The guilty plea was accepted, and on January 30, 2008, judgment was entered sentencing Santiago to forty-one (41) months imprisonment. (Doc. No. 47.) The judgment did not specify whether that term of imprisonment ran concurrent with or consecutive to any other sentence. (*Id.* at 2; Doc. No. 56 at 4.)

On June 23, 2009, Santiago filed a motion seeking credit for time served pursuant to 18 U.S.C. § 3585(b) and requesting that his federal term of imprisonment run concurrently with a five-year term of imprisonment imposed by the Commonwealth of Puerto Rico on July 13, 2006. (Doc.

No. 53.) The Government opposed the relief sought by Santiago, and the Court denied the Motion for the reasons set forth in the Government's memorandum in opposition. (Doc. Nos. 54-55.)

On September 7, 2010, Santiago filed a motion for credit for time served under 18 U.S.C. § 3585(b), arguing that because he was placed in the custody of the United States Marshal on July 20, 2007, his 41-month federal term of imprisonment should have accrued from July 20, 2007, not January 19, 2009. (Doc. No. 56 at 1.) On September 16, 2010, the Court entered an Order construing the Motion as a petition for habeas corpus under 28 U.S.C. § 2241 and ordering the Government to file a response to the Petition. (Doc. No. 57.) On October 1, 2010, the Government moved to dismiss the Petition for lack of subject matter jurisdiction. (Doc. No. 58.)

**Analysis**

The Government asserts that Santiago's Section 2241 Petition should be dismissed for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 2241(a), which provides that "writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." (Doc. No. 58 at 2-3.) The Supreme Court has construed Section 2241(a) to "confirm[] the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Although the jurisdictional requirement of Section 2241(a) concerns statutory, not subject-matter, jurisdiction, *id.* at 434 n.7, petitions failing to comply with Section 2241(a) should be dismissed without prejudice to reassertion in the proper court. *See id.* at 450-51 (dismissing a habeas petition without prejudice to refiling in the district of confinement).

Santiago is currently serving his 41-month federal term of imprisonment at the Metropolitan Detention Center in Guaynabo, Puerto Rico. (Doc. No. 56 at 1, 21; Doc. No. 58-1 at 4.) Therefore,

his Motion for Credit for Time Served, construed by this Court to be a petition for habeas corpus under 28 U.S.C. § 2241, (Doc. No. 57 at 1), must be denied without prejudice to reassertion in the United States District Court for the District of Puerto Rico.  *See Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody . . ., he should name his warden as respondent and file the petition in the district of confinement."); *United States v. Plain*, 748 F.2d 620, 621 n.3 ("[A] petition for habeas corpus [under 28 U.S.C. § 2241] must be filed in the district in which the petitioner is incarcerated.").

## Conclusion

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion for Credit for Time Served Pursuant to 18 U.S.C. § 3585(b) by Defendant Yamil Santiago (Doc. No. 56) is **DENIED without prejudice**.  The Motion to Dismiss Petition for Lack of Subject Matter Jurisdiction by United States of America (Doc. No. 58) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 14, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Yamil Santiago